UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL LEE GREEN,
    Petitioner,

v.                                Case No. 8:20-cv-1258-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Green, a Florida prisoner, filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 10.)[1] Having considered the amended petition, (*id.*), the response opposing the petition as time-barred, (Doc. 16), and Green's reply, (Doc. 20), the amended petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability is also not warranted.

I.     BACKGROUND

A state court jury convicted Green of robbery with a firearm. (Doc. 17-2, Ex. 1f, pp. 865-66.) The state trial court sentenced him to life in prison as a prison releasee reoffender. (Doc. 17-2, Ex. 1, p. 183.) The state appellate court per curiam affirmed the

---

[1] Green was pro se when he filed the amended petition and reply. Counsel subsequently filed a notice of appearance. (Doc. 21.)

1

conviction and sentence. (Doc. 17-2, Ex. 5.) All of Green's motions and petitions for collateral relief were denied. (Doc. 17-2, Exs. 10, 11; Doc. 17-3, Ex. 12; Doc. 17-4, Exs. 16, 20, 22, 25, 26, Doc. 17-5, Exs. 38, 42, 47, 50, 52, 57.)

## II. THE PETITION'S UNTIMELINESS

### A. Introduction

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). The limitation period is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(1) sets out four potential starting dates for a petitioner's AEDPA limitation period. The AEDPA limitation period starts on the "latest of" these four dates. 28 U.S.C. § 2244(d)(1). Typically, a petitioner's AEDPA limitation period starts under § 2244(d)(1)(A) on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Green's petition is untimely under § 2244(d)(1)(A) but he asserts that he is entitled to a later start under § 2244(d)(1)(D) based on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

### B. Untimeliness Under § 2244(d)(1)(A)

Green's conviction and sentence were affirmed on February 14, 2007. (Doc. 17-2, Ex. 5.) The state appellate court denied his motions for rehearing and for clarification on March 21, 2007. (Doc. 17-2, Ex. 8.) His judgment became final 90 days later, on June 19, 2007, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 288 days of untolled time, on April 3, 2008, Green filed a motion for postconviction relief. (Doc. 17-3, Ex. 12, p. 22.) The postconviction motion was pending until the state appellate court's mandate issued on January 26, 2012. (Doc. 17-4, Ex. 19.) Green had 77 days remaining on the AEDPA limitation period. Therefore, his § 2254 petition was due by April 13, 2012. Green did not file any other tolling applications in state court before this date. Accordingly, the AEDPA limitation period under § 2244(d)(1)(A) expired on April 13, 2012, well before Green filed his original § 2254 petition on May 26, 2020.[2]

### C. Untimeliness Under § 2244(d)(1)(D)

Green asserts that he is entitled to a later start of the AEDPA limitation period under § 2244(d)(1)(D). Under that section, the limitation period starts on "the date on

---

[2] Green filed his amended petition on December 23, 2020. For purposes of this order, the Court assumes the amended petition relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

If Green's limitation period starts on the date he asserts under § 2244(d)(1)(D), then the amended petition would be timely. Green contends that, under § 2244(d)(1)(D), his AEDPA limitation period starts on August 17, 2016. He states that this date is when he learned "the full scope of the newly discovered evidence" in the form of a sworn affidavit from his co-defendant and two letters and an affidavit from his trial counsel. (Doc. 10, p. 22.) Green asserts that all claims raised in a successive postconviction motion he filed in state court in 2017 were "based on the discovery of the newly discovered sworn affidavits." (*Id.*)[3]

If the triggering date is, as Green states, August 17, 2016, he allowed 193 days of untolled time to elapse before he filed the successive postconviction motion in state court on February 27, 2017. (Doc. 17-5, Ex. 38.) That motion remained pending until the state appellate court's mandate issued on January 13, 2020. (*Id.*, Ex. 43.) Before that date, Green filed a petition for writ of habeas corpus in state court on February 18, 2019. (Doc. 17-5,

---

[3] Green's amended § 2254 petition alleges that his co-defendant's statement is newly discovered exculpatory evidence, that he is actually innocent, and that the State perpetuated fraud on the state trial court and contends that the state postconviction court erred in not granting him an evidentiary hearing on these allegations.

4

Ex. 47, p. 8.) The state habeas petition remained pending until the state appellate court's mandate issued on January 28, 2020. (Doc. 17-5, Ex. 51.)

After another 40 days of untolled time on March 9, 2020 (for a total of 233 days), Green filed a motion to dismiss and set aside the judgment. (Doc. 17-5, Ex. 52, p. 25.) That motion remained pending until the state appellate court's mandate issued on April 9, 2021. (Doc. 17-5, Ex. 60.) Therefore, Green's § 2254 petition, initially filed on May 26, 2020, would be timely under § 2244(d)(1)(D).

The problem is that Green is not entitled to a later start time under § 2244(d)(1)(D). Green has not established that the factual predicate of the claims, as established by the alleged newly discovered evidence, could not have been discovered earlier than August 17, 2016. "Section 2244(d)(1)(D) runs the statute-of-limitations clock from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014) (brackets, ellipses, internal quotation marks, and citation omitted). That "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance*." *Id.* at 1157 (quoting *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000)).

In determining whether a habeas petition is timely under § 2244(d)(1)(D), a court must first address whether the petitioner exercised due diligence. *Ross v. Sec'y, Fla. Dep't*

5

*of Corr.*, 517 F. App'x 731, 733 (11th Cir. 2013). The due diligence inquiry considers "whether a reasonable investigation . . . would have uncovered" the alleged newly discovered evidence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). "And because 'due diligence is equivalent to a rule of inquiry notice,' the prisoner is obligated to make reasonable efforts to discover the facts relevant to his claim for habeas corpus relief." *Nordelo v. Sec'y, Fla. Dep't of Corr.*, 635 F. App'x 636, 639 (11th Cir. 2015) (quoting *Cole*, 768 F.3d at 1156-57).

### 1. Factual Background

This case involved the armed robbery of a Chevron gas station in Bartow, Florida, on June 22, 2004. (Doc. 17-2, Ex. 1c, p. 177.) The State presented evidence that co-defendant Benjamin McRoy confronted the gas station attendant with a gun and Green took money from the cash register. (*Id.*, pp. 181-82, 195-98, 207-09, 219-221.) McRoy and Green left in a van with three other individuals. (*Id.*, pp. 184-85, 236-41, 299-302, 328, 344-45.) When police pulled the van over, Green and McRoy fled on foot. (236-41, 302, 328, 349.)

When Green was interviewed by police, he repeatedly denied involvement before eventually stating, "I don't rob stores, man. I got stuck in a situation where you're just there. That's what . . . happened, man. That's that." (Doc. 17-2, Ex. 1e, p. 578.) Green made a phone call and his side of the conversation was recorded. He stated that he was present but

that he did not rob anyone and that he stole something "when all that commotion was going on." (*Id.*, p. 584.) He maintained that he did not know "this was going to happen like that" and that he did not know of a gun. (*Id.*, pp. 582-84.)

### 2. Benjamin McRoy's 2016 Affidavit

After co-defendant McRoy was arrested in 2004, he told police that the others were innocent. He stated:

> Man, I'm going to tell you, all these people is innocent, man. I'm the one y'all want. . . . All these people is innocent. I'm the one y'all want. If y'all look at the tapes y'all will know they had nothing to do with this. You know what I'm saying? I'm the one that was in the bad situation. You know what I'm saying? I fucked up and put them in some bullshit. You know what I'm saying? They got to step in some of my bullshit.

(Doc. 10-2, pp. 2-3.)

Even assuming that Green satisfied the due diligence requirement of § 2244(d)(1)(D) by seeking copies of McRoy's interview as he states, thereby attempting to investigate McRoy's statements, Green does not present new evidence. McRoy's August 17, 2016 affidavit states:

> The recorded statement taken on June 22, 2004 by Detective Davis that "all these people are innocent" is true and correct and said by me which refers to anyone detectives assumed to tried to say was involved concerning the Chevron gas station. Also while I was in the county jail in 2004-2005, my attorney nor State Attorney nor sheriff did not advise me of any subpoena to

7

testify at Samuel Green['s] trial. Where at that time I was willing and able to testify at Samuel Green's trial but no one advise[d] me to appear. I should have been ad[v]ised and transported to testify.

(Doc. 10-1, p. 2.)

McRoy's 2016 affidavit is not newly discovered evidence because the content of the affidavit simply reiterates what McRoy told police in 2004.[4] Green argues that the affidavit clarifies that McRoy's 2004 reference to "all these people" included Green. But police quickly suspected Green's involvement and he was arrested and interviewed on June 23, 2004, the day after the offense. (Doc. 17-2, Ex. 1c, pp. 434-35.) There is no new information in McRoy's 2016 affidavit. As the state court's order ruling on Green's successive postconviction motion explains, if an affidavit repeating earlier information is deemed newly discovered, "any individual who has provided a previous statement could simply provide an affidavit years later reaffirming his previous statement as true, creating newly discovered evidence." (Doc. 17-5, Ex. 38, p. 343.) Green fails to show that he is entitled to a later start date under § 2244(d)(1)(D) based on McRoy's 2016 affidavit.

---

[4] To the extent Green contends that McRoy's statement about the others' innocence was not disclosed to him at the time of trial, he fails to establish that the statement could not have been discovered before trial. Green was aware at the time of his own police interview that McRoy had made a recorded statement. (Doc. 17-2, Ex. 1e, pp. 561-62, 602-03.) And as discussed *infra*, counsel's letters make clear that counsel was aware of McRoy's statement and suggest that counsel had a transcript of McRoy's interview. (Doc. 10-3, pp. 2-4.)

8

### 3. Trial Counsel's 2016 Letters and Affidavit

Green also presents two letters and an affidavit from his trial counsel prepared in 2016 and provided to his postconviction counsel. Trial counsel stated that he did not view the video recording of McRoy's interview with police, and that he did not pursue McRoy's statement. Counsel explained why he did not pursue McRoy's statement. He stated that in the light of significant evidence placing Green at the scene, he wanted to present a defense that Green did not know about the robbery before it happened or that McRoy had a gun. (Doc. 10-3, pp. 2-3.) But Green insisted on presenting an alibi defense. (*Id.*) Thus, counsel stated, he did not pursue McRoy's statement any further because Green rejected the only defense that would have made the statement "somewhat useful." (*Id.*, p. 3.) Further, as McRoy's case was still pending, counsel "saw no reason to have him simply take the stand and claim the 5th." (*Id.*, p. 3.) Regarding his decision not to watch the video recording of McRoy's statement, counsel stated that "there was no need to go beyond the transcript of Mr. McRoy's statement since Green chose *not* to use the defense that [counsel] so forcefully advised him to use." (*Id.*, p. 4.)

Green does not present new evidence that could not have been discovered earlier through the exercise of due diligence. Green fails to establish that he could not have discovered this information at the time of trial. Trial counsel's letters reflect that he and Green discussed different defense theories and McRoy's role in the crime. Although Green

9

denies that they discussed strategy, he was aware of McRoy's recorded statement and fails to show that he could not have addressed it further with counsel. Accordingly, Green fails to come forward with newly discovered evidence that entitles him to a start date of August 17, 2016, for purposes of the AEDPA limitation period under § 2244(d)(1)(D). Therefore, Green's AEDPA limitation period ran according to the date established under § 2244(d)(1)(A) and his amended petition is untimely.

### D. Actual Innocence

Within Ground Two, Green claims that he is actually innocent. He argues that the State failed to prove that he had any intention to commit a robbery or any prior knowledge that McRoy would carry out a robbery. In support, Green refers to statements he made at the police station that he did not know a robbery would occur. To the extent Green intends to assert that his untimely petition can still be considered because he is actually innocent, his argument is unavailing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). To prove his actual innocence, Green must establish that in the light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The category of cases that satisfy this standard is "severely confined." *Perkins*, 569 U.S. at 394-95. Green has not presented

new evidence of his actual innocence and does not meet the stringent showing articulated in *Perkins*.

### E. Fraud on the State Trial Court

Within Ground Three, Green asserts that the State committed fraud on the state trial court, claiming that McRoy was not subpoenaed for trial and that the police made misrepresentations in the probable cause affidavit. Green asserts that a federal hearing is required on his fraud allegation. But Green cites no authority providing an exception to the AEDPA limitation period for a claim of fraud upon the state trial court, and this Court is unaware of any such authority. Green has not shown that his untimely § 2254 petition may be reviewed because he makes an assertion of fraud on the state trial court.

## III. CERTIFICATE OF APPEALABILITY

Green is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Green must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Green cannot satisfy the second prong of the *Slack* test. As Green is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Green's Amended Petition for Writ of Habeas Corpus, (Doc. 10), is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Green and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 23, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge